# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LADORA OUSLEY<br>35960 State Route 56<br>New Plymouth, Ohio 45654, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| VINTON COUNTY<br>31927 State Route 93<br>McArthur, Ohio 45651 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | )<br>) | |

Plaintiff, LaDora Ousley, by and through undersigned counsel, as her Complaint against Defendant Vinton County, states and avers the following:

## PARTIES AND VENUE

1. Ousley is a resident of Starr Township, Hocking County, Ohio.

2. At all times herein, Ousley was acting in the course and scope of her employment.

3. Vinton County is a county in the state of Ohio.

4. Vinton County is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ousley is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

6. All material events alleged in this Complaint occurred in Vinton County, Ohio.

7. This Court has supplemental jurisdiction over Ousley's state law claims pursuant to 28 U.S.C. § 1367 as Ousley's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Ousley filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02409 against Vinton County ("Ousley EEOC Charge").

10. Ousley dually filed the Ousley EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

11. On or about December 9, 2021, the U.S. Department of Justice issued a Notice of Right to Sue letter to Ousley regarding the Ousley EEOC Charge.

12. Ousley's Notice of Right to Sue has been attached hereto as Plaintiff's Exhibit A.

13. Ousley has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Ousley has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. On or about February 3, 2020, Ousley began working for Vinton County.

16. Ousley worked as Creating Healthy Communities Coordinator for the Vinton County Health Department.

17. In or about 2019, Ousley had breast cancer ("Ousley's Condition").

18. Because of Ousley's Condition, Ousley has a compromised immune system.

19. Ousley's Condition is a physical impairment.

20. Ousley has a record of physical impairment.

21. Vinton County perceived Ousley as disabled.

22. On or about March 9, 2020, Ohio Governor Mike DeWine signed Executive Order 2020-01D, declaring a state of emergency due to the COVID-19 pandemic.

23. In or about March 2020, the State of Ohio instructed non-essential employees to stay home because of the state of emergency.

24. In or about March 2020, the State of Ohio classified Ousley as a non-essential employee.

25. In or about March 2020, the State of Ohio instructed Ohioans to wear facemasks when they came into close proximity with others.

26. In or about March 2020, the State of Ohio instructed Ohioans to maintain at least six feet of physical distance from others.

27. Ousley's Condition places her at a heightened risk of developing severe symptoms from COVID-19.

28. Ousley's Condition places her at a heightened risk of dying from COVID-19.

29. Starting in March 2020, Vinton County non-essential employees began working home due to the COVID-19 pandemic.

30. For approximately two months, Ousley worked from home without any trouble.

31. On or about May 20, 2019, Administrator Cassie Carver contacted Ousley ("May 20 Call").

32. In the May 20 Call, Carver requested that Ousley return to the office three days a week.

33. In the May 20 Call, Ousley told Carver about Ousley's Condition and requested to be permitted to continue working from home ("Request for Accommodation").

34. In the May 20 Call, Ousley told Carver that she did not feel comfortable working in the office because individuals from the front office and Home Health Nurse staff at the health department had tested positive for COVID-19 in the preceding week.

35. The Request for Accommodation was reasonable.

36. Vinton County could have granted the Request for Accommodation without undue burden on the employer.

37. Carver told Ousley that she would discuss the Request for Accommodation with the Deputy Administrator of the Vinton County Health Department, Janelle McManis.

38. On or about May 20, 2020, McManis refused to accommodate Ousley's disability and insisted that Ousley return to the office.

39. Vinton County did not engage in the interactive process to determine whether an alternative accommodation was available.

40. Vinton County's denial of the Request for Accommodation was an adverse employment action.

41. Ousley opposed the denial of the Request for Accommodation.

42. On or about May 20, 2020, Ousley told McManis and Carver that it was unsafe for her to return to working in-person.

43. Ousley explained to McManis and Carver that there was construction going on in the office, and that there were construction workers regularly coming and going without facemasks.

44. On or about May 20, 2020, Ousley complained that Vinton County was not following state guidance on COVID-19 safety.

45. McManis and Carver provided no explanation for why Ousley could not continue to work from home.

46. On or about May 27, 2020, Ousley reported to Administrator Glenn Thompson that Vinton County was not following state guidance on COVID-19 safety.

47. On or about May 29, 2020, Vinton County terminated Ousley's employment ("Termination").

48. On or about May 29, 2020, Carver and McManis told Ousley about the Termination.

49. Vinton County has a progressive disciplinary policy ("Discipline Policy").

50. A verbal warning is the lowest level of discipline in the Discipline Policy.

51. Ousley did not receive a verbal warning before the Termination.

52. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

53. Ousley did not receive a written warning before the Termination.

54. A termination is the highest level of discipline in the Discipline Policy.

55. Vinton County knowingly skipped progressive disciplinary steps in terminating Ousley.

56. Vinton County knowingly terminated Ousley's employment.

57. Vinton County knowingly took an adverse employment action against Ousley.

58. Vinton County knowingly took an adverse action against Ousley.

59. Vinton County intentionally skipped progressive disciplinary steps in terminating Ousley.

60. Vinton County intentionally terminated Ousley's employment.

61. Vinton County intentionally took an adverse employment action against Ousley.

62. Vinton County intentionally took an adverse action against Ousley.

63. Vinton County knew that skipping progressive disciplinary steps in terminating Ousley would cause Ousley harm, including economic harm.

64. Vinton County knew that terminating Ousley would cause Ousley harm, including economic harm.

65. Vinton County willfully skipped progressive disciplinary steps in terminating Ousley.

66. Vinton County willfully terminated Ousley's employment.

67. Vinton County willfully took an adverse employment action against Ousley.

68. Vinton County willfully took an adverse action against Ousley.

69. On or about May 29, 2020, Vinton County terminated Ousley's employment because of her disability.

70. On or about May 29, 2020, Vinton County terminated Ousley's employment because she opposed Vinton County's failure to accommodate her disability.

71. On or about May 29, 2020, Vinton County terminated Ousley's employment because she reported that Vinton County was not following state guidance on COVID-19 safety.

72. As a direct and proximate result of Vinton County's conduct, Ousley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

73. Ousley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Vinton County treated Ousley differently than other similarly-situated employees based on her disabling condition.

75. Vinton County treated Ousley differently than other similarly-situated employees based on her perceived disabling condition.

76. On or about May 29, 2020, Vinton County terminated Ousley's employment without just cause.

77. Vinton County terminated Ousley's employment based on her disability.

78. Vinton County terminated Ousley's employment based on her perceived disability.

79. Vinton County violated ADA when it discharged Ousley based on her disability.

80. Vinton County violated ADA when it discharged Ousley based on her perceived disability.

81. Vinton County violated ADA by discriminating against Ousley based on her disabling condition.

82. Vinton County violated ADA by discriminating against Ousley based on her perceived disabling condition.

83. As a direct and proximate result of Vinton County's conduct, Ousley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

84. Ousley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Vinton County treated Ousley differently than other similarly-situated employees based on her disabling condition.

86. Vinton County treated Ousley differently than other similarly-situated employees based on her perceived disabling condition.

87. On or about May 29, 2020, Vinton County terminated Ousley's employment without just cause.

88. Vinton County terminated Ousley's employment based on her disability.

89. Vinton County terminated Ousley's employment based on her perceived disability.

90. Vinton County violated R.C. § 4112.02 when it discharged Ousley based on her disability.

91. Vinton County violated R.C. § 4112.02 when it discharged Ousley based on her perceived disability.

92. Vinton County violated R.C. § 4112.02 by discriminating against Ousley based on her disabling condition.

93. Vinton County violated R.C. § 4112.02 by discriminating against Ousley based on her perceived disabling condition.

94. As a direct and proximate result of Vinton County's conduct, Ousley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER ADA

95. Ousley informed Vinton County of her disabling condition.

96. Ousley requested accommodations from Vinton County to assist with her disability, including working from home.

97. Ousley's requested accommodations were reasonable.

98. There was an accommodation available that would have been effective and would have not posed an undue hardship to Vinton County.

99. Vinton County failed to engage in the interactive process of determining whether Ousley needed an accommodation.

100. Vinton County failed to provide an accommodation.

101. Vinton County violated ADA by failing to provide Ousley a reasonable accommodation.

102. As a direct and proximate result of Vinton County's conduct, Ousley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

103. Ousley informed Vinton County of her disabling condition.

104. Ousley requested accommodations from Vinton County to assist with her disability, including working from home.

105. Ousley's requested accommodations were reasonable.

106. There was an accommodation available that would have been effective and would have not posed an undue hardship to Vinton County.

107. Vinton County failed to engage in the interactive process of determining whether Ousley needed an accommodation.

108. Vinton County failed to provide an accommodation.

109. Vinton County violated R.C. § 4112.02 by failing to provide Ousley a reasonable accommodation.

110. As a direct and proximate result of Vinton County's conduct, Ousley suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT V: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

111. Ousley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including R.C. §§ 4101.11 and 4101.12, or in the common law, requiring employers to furnish a safe environment for employees and frequenters.

113. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including Ohio Executive Order 2020-01D, or in the common law, against spreading COVID-19.

114. Vinton County's failure to observe social distancing in its facility created an unsafe environment for Ousley and others.

115. Vinton County's failure to observe social distancing in its facility risked spreading COVID-19.

116. Vinton County's failure to require frequenters to wear facemasks created an unsafe environment for Ousley and others.

117. Vinton County's failure to require frequenters to wear facemasks risked spreading COVID-19.

118. Vinton County's termination of Ousley jeopardizes these public policies.

119. Vinton County's termination of Ousley was motivated by conduct related to these public policies.

120. Vinton County had no overriding business justification for terminating Ousley.

121. As a direct and proximate result of Vinton County's conduct, Ousley has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Ousley respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Vinton County to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Vinton County to restore Ousley to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Ousley for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Ousley claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff LaDora Ousley*

## JURY DEMAND

Plaintiff Ousley demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)